

$350

MAM

Paul J. Hetznecker, Esquire
Identification No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
(215) 893-9640

Attorney for Cheryl Biren-Wright

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL BIREN-WRIGHT | : |
| 6737 Collins Avenue | : |
| Pennsauken, NJ 08109 | : |
|            Plaintiff, | : |
|     vs. | : |
| POLICE LIEUTENANT DENNIS KONCZYK | : |
| Badge Number 87 | : |
| City of Philadelphia | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|      and | : |
| POLICE OFFICER TYRONE WIGGINS | : |
| Badge Number 7519 | : |
| City of Philadelphia | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|      and | : |
| POLICE OFFICER JOHN LOGAN | : |
| Badge Number 9047 | : |
| City of Philadelphia | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|      and | : |
| POLICE OFFICER ROBERT ANDERSON | : |
| Badge Number 9364 | : |
| City of Philadelphia | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|      and | : |
| POLICE OFFICER DONALD WEST | : |
| Badge Number 1172 | : |
| City of Philadelphia | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |

CIVIL ACTION
NO:

11 5654

FILED

SEP 7 2011

MIC.                    Dep. Cler

By

1

and                                            :
**POLICE OFFICER WILLIAM STUSKI**             :
**Badge Number 4103**                         :
**City of Philadelphia**                      :
**1515 Arch Street, 15ᵗʰ Floor**              :
**Philadelphia, PA 19103**                    :
    and                    :
**POLICE OFFICER JOHN DOE I**                 :
**Badge Number**                              :
**City of Philadelphia**                      :
**1515 Arch Street, 15ᵗʰ Floor**              :
**Philadelphia, PA 19103**                    :
    and                    :
**POLICE OFFICER JOHN DOE II**                :
**Badge Number**                              :
**City of Philadelphia**                      :
**1515 Arch Street, 15ᵗʰ Floor**              :
**Philadelphia, PA 19103**                    :
    and                    :
**CITY OF PHILADELPHIA**                       :
**A Municipal Corporation**                   :
**1515 Arch  Street, 15ᵗʰ Floor**             :
**Philadelphia, PA  19103**                   :
       **Defendants**   :

## COMPLAINT

1.      This is a complaint for money damages brought pursuant to 42 U.S.C. §1983

AND 1988 as well as the Fourth and Fourteenth Amendments to the United States

Constitution, and under the Commonwealth of Pennsylvania Constitution, and is based upon 28

U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state

law.

## PARTIES

2.      Plaintiff, Cheryl Biren-Wright, is an adult citizen of the State of New Jersey and

at all times relevant to this Complaint a reporter for Opednews.

3.    Defendant, Lieutenant Dennis Konczyk, Badge No. 87, is and was at all time relevant to this complaint a member of the Philadelphia Police Department Civil Affairs Unit and acting under the color of state law.

4.    Defendant, Tyrone Wiggins, Badge No. 7519, is and was at all time relevant to this complaint a member of the Philadelphia Police Department Civil Affairs Unit and acting under the color of state law.

5.    Defendant, John Logan, Badge No. 9047, is and was at all time relevant to this complaint a member of the Philadelphia Police Department Civil Affairs Unit and acting under the color of state law.

6.    Defendant, Robert Anderson, Badge No. 9364, is and was at all time relevant to this complaint a member of the Philadelphia Police Department Civil Affairs Unit and acting under the color of state law.

7.    Defendant, Donald West, Badge No. 1172, is and was at all time relevant to this complaint a member of the Philadelphia Police Department Civil Affairs Unit and acting under the color of state law.

8.    Defendant, William Stuski, Badge No. 4103, is and was at all time relevant to this complaint a member of the Philadelphia Police Department Civil Affairs Unit and acting under the color of state law.

9.    Defendant, City of Philadelphia, Pennsylvania is a municipal corporation and the public employer of the individually named Defendant.

## FACTUAL BACKGROUND

10.    In 2007 the United States military established an experimental recruiting project and labeled it the "Army Experience Center". Designed as a high-tech video arcade, the

Army shifted its traditional recruiting strategy.  In order to attract pre-teen, and teenage

youths, the Army established the Army Experience Center at the Franklin Mills Mall, upon

information and belief, as a recruiting center, was the only one of its kind in the nation at the

time.  The plan was to engage or attract young people to come into the Center and engage in

combat related video games.  In response protestors organized a series of demonstrations in

front of the Army Experience Center inside the Franklin Mills Mall as well outside the mall, in

order to publicize the Army's new sophisticated strategy.

11.     In conjunction with those protests, organizers announced that they would hold a

demonstration outside the Franklin Mills Mall and then march to a location inside the mall in

the front of the Army Experience Center on September 12, 2009.  The announcement of this

protest was made weeks in advance and the media was notified through a news release as well

as direct contact by the organizers.  The Philadelphia Police Department Civil Affairs Unit and

members of the press were notified by the organizers.

12.     Demonstrators gathered at a public intersection near the Franklin Mills Mall.

Plaintiff dropped off her daughter at the mall, drove to the intersection, took pictures and then

drove back to the mall to await the demonstrators who were being escorted by police from the

intersection to inside the mall.

13.     The demonstrators gathered in the early afternoon near the Franklin Mills Mall.

The protest began with speeches outside the Franklin Mills Mall. Following the speeches, the

demonstrators marched up to the doors of the mall, entered with an escort of officers from the

Philadelphia Police Department Civil Affairs Unit.  A number of news organizations decided

to cover the event.  The Plaintiff,  a reporter for the on-line news group, Opednews, was

4

among those covering the demonstration.   Also covering the event was a news crew from the

PBS documentary show, Frontline.  The demonstrators, escorted by Civil Affairs officers, as

well as Plaintiff, along with other members of the press, all entered the Franklin Mills Mall.

The demonstrators headed to the front of the Army Experience Center entrance.  The Army

Experience Center was not open to the public that day, but permitted members of a veteran's

group called "The Gathering of Eagles" (herein referred to as the counter-demonstrators),

positioned in the front entrance to the Army Experience Center.  This group of Army

Experience Center  supporters, stood inside the entryway throughout the entire protest.  The

demonstrators, with the use of a bullhorn, began clapping, chanting and making speeches.  The

counter-demonstrators yelled, jeered and taunted the AEC protestors.  At no time did members

of the Philadelphia Police Civil Affairs Unit instruct, direct, or attempt to limit the First

Amendment activities of the counter-demonstrators.

        14.     During the course of the demonstration the Plaintiff,  accompanied by her

teenage daughter,  moved through the crowd taking photographs of the demonstrators as well

as the counter-demonstrators stationed inside the Army Experience Center.

        15.     At no time were the counter-demonstrators told to disperse.  Several of the

counter-demonstrators had moved outside of the entrance of the Army Experience Center and

into the common area where the demonstrators were located.  Some of these demonstrators

were standing next to the police.

        16.     After the warnings were announced, the Plaintiff placed herself outside the

immediate area where the protestors were to photograph and report so as not to interfere with

the police activity.  Plaintiff was taking pictures.  Shortly after that officers approached the

Plaintiff. Despite Plaintiff announcing to the police that she was a member of the press, they walked past the protestors in front of the Plaintiff and arrested her.

17.     Following the Plaintiff's arrest she was charged, along with six others, with failure to disperse, as a second degree misdemeanor, and conspiracy, also a second degree misdemeanor.

18.     A male officer grabbed Plaintiff from behind twisting Plaintiff's arm. Once again she explained that she was a member of the press.

19.     The unnamed Defendant officers responsible for taking the Plaintiff into custody, placed the plastic cuffs on her wrists so tight that it caused significant pain, swelling and bruising, and an injury that lasted for several weeks.

20.     On January 13, 2010, approximately four months after Plaintiff was arrested, all charges against the Plaintiff were dismissed.

21.     At no time did the Plaintiff engage in any conduct that would support probable cause for an arrest.

22.     By arresting the Plaintiff, the Defendant officers significantly hindered the Plaintiff's ability to serve as a journalist to report on matters of public concern, namely the protest against the Army Experience Center and the issues underlying the protest.

23.     The Defendants, as a result of their unlawful actions, violated the Plaintiff's rights under the United States Constitution as well as the Pennsylvania Constitution, federal and state law. The Plaintiff brings this action, not only to vindicate the violation of her individual rights as a journalist and citizen, but also specifically challenging the unlawful arrest and unreasonable use of force in conducting that arrest, as well as the policies and practices of

6

the Philadelphia Police Department related to the rights of journalists gathering information, covering matters of public interest such as demonstrations, as well as the law enforcement activity in such public places. Plaintiff fears that her arrest has stigmatized her as a journalist and consequently will affect her ability to conduct her job in similar situations in the future.

24.     Plaintiff brings this claim against the named Defendants pursuant to 45 U.S.C. §1983, the United States Constitution, the Pennsylvania Constitution and common law.

## FACTS

25.     On September 12, 2009, the Plaintiff, in her job as a journalist for Opednews, was covering a demonstration against the Army Experience Center located at the Franklin Mills Mall, 1455 Franklin Mills Circle, Philadelphia, PA 19154.

26.     The Plaintiff dropped her daughter off at the mall before the demonstration and then reunited with her daughter shortly before her arrest while she was covering the demonstration.

27.     When the protestors began to gather outside the Franklin Mills Mall, the Plaintiff, along with several other journalists, began to cover the event. As speakers began to address the crowd, the Plaintiff was carrying a camera with her press credentials in her purse.

28.     At approximately 2:00 p.m., the speakers concluded, a group of approximately 200 demonstrators escorted by uniform officers of the Philadelphia Police Department, as well as officers from the Civil Affairs Unit, including the Defendants, marched to the entrance of the Franklin Malls. Shortly after arriving at the front entrance of the mall, Civil Affairs officers gathered with the demonstrators in front of the Army Experience Center.

7

29.     In advance of the demonstration, the Philadelphia Police Department along with the Civil Affairs Unit, including the Defendants, set up an arrest processing center adjacent to the Army Experience Center.

30.     The Plaintiff covered the event throughout the course of the demonstration by moving through the crowd taking photographs. At no time did she participate as a demonstrator.

31.     The Defendant, Lieutenant Konczyk announced to the peaceful demonstrators that if they did not leave they would be arrested. At no time were the demonstrators doing anything other than exercising their rights under the First Amendment, their free speech and associational rights under the First Amendment of the United States Constitution.

32.     While the demonstrators were exercising their First Amendment rights under the United States Constitution, the Plaintiff was exercising her right to a free press under the First Amendment of the United States Constitution.

33.     After a period of approximately five minutes, Defendant Konczyk threatened the arrest of the demonstrators unless they dispersed. Defendant Konczyk's order was arbitrary and without a basis in law and in violation of Plaintiff's First Amendment rights under the United States Constitution.

34.     The Plaintiff moved away from the entrance of the AEC after the first warning. She was taking photographs when the third warning was issued.

35.     Without just cause or legal justification the Defendant Konczyk directed the Defendants, named and unnamed Civil Affairs Unit officers to arrest the Plaintiff. Two unidentified Civil Affairs officers, possibly named Defendants, yet to be identified, seized the

8

Plaintiff's camera and personal items, placed her in plastic cuffs behind her back and tightened in a restrictive fashion, tightening around her wrist.  The Plaintiff was then escorted to the onsite processing center along with six other individuals all of whom were there to exercise their First Amendment rights as demonstrators.

36.     Plaintiff was the only member of the press who was falsely arrested and charged.  Following the arrest of Plaintiff and the six others, the crowd continued to stand in front of the Army Experience Center and slowly began to exit the mall area.

37.     Plaintiff's daughter, Payton, was fifteen years old at the time of the incident.

38.     The Plaintiff was eventually transported to the police district and held until her preliminary arraignment.  At no time during the events that she covered as a journalist on September 12, 2009 did Plaintiff commit any criminal offense.

39.     The Defendant officers had no probable cause for the arrest of Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

40.     At all times during the course of the events described above, the Defendant police officers were engaged in a joint venture.   The individual Defendant officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events described above.

41.     As a direct and proximate cause of the acts of the Defendant officers, the Plaintiff, Cheryl Biren-Wright, suffered the following injuries and damages:

(a)     Violation of her rights under the First Amendment of the United States Constitution to gather information, including taking photographs of the event in order to cover a matter of public interest including the law enforcement activity in public places.

9

(b)    Violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure.

(c)    Loss of her physical liberty.

(d)    Physical pain and suffering and emotional trauma suffered as a consequence of the physical arrest itself and the subsequent emotional and professional damage it caused as a result.

(e)    The actions of the Defendant officers violated following clearly established and well-settled federal constitutional rights of the Plaintiff Cheryl Biren-Wright, unabridged freedom of the press to gather under the First Amendment of the United States Constitution and liberty of the press under Article _____ of the Pennsylvania Constitution.  By arresting Plaintiff, seizing her property, interfering with her ability to gather information and cover matters of public interest, included the law enforcement activity in public places:

(f)    The unabridged freedom of the press under the First Amendment of the United States Constitution as well as the Pennsylvania Constitution.  The freedom from unreasonable seizure of her person and search of her items.

(g)    Freedom from excessive use of unreasonable and justified force against her person.

**COUNT I – 42 U.S.C. §1983**

Plaintiff claims damages for injuries set forth above pursuant to 42 U.S.C. §1983 against all the Defendant officers for violation of his constitutional rights while the Defendants were acting under the color of state law.

### Freedom of the Press  - The Right to Gather Information

42.   Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43.   Plaintiff claims damages for violating her unabridged right of freedom of the press under the First Amendment of the United States Constitution and the liberty of the press under the Pennsylvania Constitution to cover matters of interest, gather information, including law enforcement activity in public places in an effort to disseminate that information.

44.   Defendants violated her rights as set forth above by arresting the Plaintiff, seizing her property and interfering with her right as a member of the press to report on the activity she was covering as well as the police conduct during the course of that activity.

45.   The violation of Plaintiff's First Amendment rights as a member of the press had a chilling effect on the ability of the press to cover an event than the message if you cover the event, take photographs of police activity, including arrests, that you are subject to arrests and therefore you are engaged in activity that is discouraged by the police.

46.   As a direct, proximate result of the Defendant's willful, deliberate indifference to the Plaintiff's rights set forth above, the Plaintiff has suffered physical harm and emotional pain and suffering.

11

## COUNT II

### False Arrest and Illegal Imprisonment

47.     Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth.

48.     The Defendant officers unlawfully, without probable cause or legal justification, falsely arrested the Plaintiff in violation of her rights as set forth under the Fourth and Fourteenth Amendment to the United States Constitution as well as the Pennsylvania State Constitution under 42 U.S.C. §1983 as they violated her rights while acting under the color of state law.

49.     As the direct and proximate cause of Defendant's unlawful actions, the Plaintiff suffered physical harm, emotional pain and suffering.

## COUNT III

### Excessive Force

50.     Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51.     The unidentified Defendant officers from the Civil Affairs Unit during the arrest of the Plaintiff without probable cause, placed the plastic clip handcuffs so tightly on the Plaintiff's wrist that it caused her bruising and injury to her wrists and hands.  This pain and suffering lasted for weeks after they were removed.

52.     As a direct and proximate cause of the identified and unidentified Defendant officers, the Plaintiff suffered injury to her wrists and hands and did so for months after her arrest.

12

53.     Defendant violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution as well as the Pennsylvania Constitution, specifically be free from excessive force as well as 42 U.S.C. §1983 as they violated her rights while acting under the color of state law.

## COUNT IV

## False Arrest Under State Law

54.     Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55.     Defendants' actions in subjecting Plaintiff to false arrest and imprisonment without probable cause, constituted false arrest and imprisonment under the law of the Commonwealth of Pennsylvania.

56.     As a direct and proximate cause of the identified and unidentified Defendant officers' actions, Plaintiff suffered and continues to suffer harm.

## COUNT V

## Common Law Assault

57.     Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58.     Defendants' actions in arresting and using excessive force and unnecessary and unreasonable force in the process of handcuffing the Plaintiff, with excessively tight handcuffs, constituted assault under the laws of the Commonwealth of Pennsylvania.

59.     As a direct and proximate cause of the identified and unidentified Defendant officers actions negligently cause the Plaintiff to experience pain and suffering and injury to her hands and wrists.

## COUNT VI

### City of Philadelphia

60.     Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61.     Prior to September 12, 2009, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of individuals during the course of protests which caused a violation of Plaintiff's rights.

62.     It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigate claims that the police had wrongfully arrested individuals during the course of demonstrations, including people who were simply observers, in this case a member of the press.

63.     It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the Defendant officers thereby failing to adequately discourage further constitutional violations on the part of its police officers.  The City of Philadelphia did not require appropriate in-service training or retraining of its officers who were known to have engaged in false arrests.

64.     As a result of the above-described policies and customs, police officers of the City of Philadelphia, including the Defendant officers, believe that their actions would not be properly monitored by supervisory officers and that the misconduct would not be investigated or sanctioned, but would be tolerated.

65.     The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights alleged therein.

WHEREFORE, the Plaintiff requests:

(a)     Award compensatory damages to the Plaintiff against the Defendants jointly and severally;

(b)     Award costs of this action to the Plaintiff;

(c)     Award reasonable attorney's fees and costs to the Plaintiff on Counts One Through Six of the Complaint;

(d)     Award such other and further relief as this Court may deem appropriate.

The Plaintiff hereby demands a jury trial.

Respectfully submitted,

Paul J. Hetznecker, Esquire
Attorney for Plaintiff