IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERYL BIREN-WRIGHT,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **CITY OF PHILADELPHIA, et al** | : | NO.   11-5654 |
| | : | |
| Defendants. | : | JURY TRIAL DEMAND |
| | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF PHILADELPHIA, POLICE LT. KONCZYK, POLICE OFFICER LOGAN, POLICE OFFICER ANDERSON, POLICE SGT. WEST AND POLICE OFFICER STUSKI

Defendants, The City of Philadelphia, Police Lt. Konczyk, Police Officer Logan, Police Officer Anderson, Police Sgt. West and Police Officer Stuski ("Answering Defendants") by and through their undersigned counsel, Amanda C. Shoffel, Assistant City Solicitor, hereby file an Answer to the Plaintiff's Complaint, together with Affirmative Defenses, and aver as follows:

1. The allegations contained in this paragraph constitute statements of law and, therefore, require no response. To the extent a response is required, it is admitted this Court has proper jurisdiction.

### PARTIES

2. Admitted, based on current information and belief.

3. Admitted in part; denied in part. It is admitted that Police Officer Dennis Konczyk is employed by the Philadelphia Police Department. The remaining allegations in this paragraph are denied.

4. The allegation in this paragraph is directed to a party other than the Answering Defendants, and requires no response. To the extent a response is required from the Answering Defendants, denied.

5. Admitted in part; denied in part. It is admitted that Police Officer John Logan is employed by the Philadelphia Police Department. The remaining allegations in this paragraph are denied.

6. Admitted in part; denied in part. It is admitted that Police Officer Robert Anderson is employed by the Philadelphia Police Department. The remaining allegations in this paragraph are denied.

7. Admitted in part; denied in part. It is admitted that Police Officer Donald West is employed by the Philadelphia Police Department. The remaining allegations in this paragraph are denied.

8. Admitted in part; denied in part. It is admitted that Police Officer William Stutski is employed by the Philadelphia Police Department. The remaining allegations in this paragraph are denied.

9. Admitted in part; denied in part. It is admitted that the City of Philadelphia is a municipal corporation duly organized and operating under the rules and regulations set forth to them by the Commonwealth of Pennsylvania. The remaining allegations in this paragraph are denied.

## FACTUAL BACKGROUND

10. Admitted in part; denied in part. It is admitted that an event at the Franklin Mills Mall held an event featuring the Army Experience Center. The remaining allegations in this paragraph are denied.

11. Admitted in part; denied in part. It is admitted that there was a protest at the Franklin Mills Mall at the Army Experience Center. The remaining allegations in this paragraph are denied.

12. The allegations in this paragraph are based on information within the possession or control of the plaintiff. The Answering Defendants, therefore, are without sufficient knowledge or information to form a belief in the veracity of these averments. All allegations are therefore denied.

13. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

14. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

15. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

16. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

17. Admitted in part; denied in part. Admitted that Plaintiff was charged with Failure to Disperse Upon Official Order and Criminal Conspiracy for Failure to Disperse Upon Official Order.

18. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

19. Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

20. Denied. The charges against Plaintiff were withdrawn by the Philadelphia District Attorney's Office.

21. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a

response is required, denied. By way of further answer, the allegations in this paragraph are denied as untrue, inaccurate and misleading.

22. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied. By way of further answer, the allegations in this paragraph are denied as untrue, inaccurate and misleading.

23. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

24. The allegations contained in this paragraph constitute statements of law and, therefore, require no response.  To the extent a response is required, denied.

## FACTS

25. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

26. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

27. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

28. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

29. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

30. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

31. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

32. The allegations contained in this paragraph constitute statements of law and, therefore, require no response.  To the extent a response is required, denied.

33. The allegations contained in this paragraph constitute statements of law and, therefore, require no response.  To the extent a response is required, denied.

34. The allegations in this paragraph are denied as untrue, inaccurate and misleading.

35. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

36. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

37. Admitted, upon information and belief.

38. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

39. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

40. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

41. Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same (a) through (g) are accordingly denied.

## CAUSES OF ACTION

### Count I
### Freedom of the Press- The Right to Gather Information

42. -46. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### Count II
### False Arrest and Illegal Imprisonment

47.-49. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### Count III
### Excessive Force

50.-53. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

### Count IV
### False Arrest Under State Law

54-56. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## Count V
## Common Law Assault

57.-59. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## Count VI
## City of Philadelphia

60.-65. The allegations contained in this paragraph constitute conclusions of law and/or the plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further answer, Plaintiff has failed to sufficiently allege liability by The City of Philadelphia and its policymakers because the Complaint is a formulaic recitation of the elements of a failure to train argument, which is insufficient to state a claim. Santiago v. Warminster Twp., 629 F.3d 121, 132 (3d Cir. Pa. 2010) (allegation that supervisors sanctioned use of excessive force is nothing more than the "formulaic recitation of the elements" of the claim prohibited by *Iqbal*); Oklahoma City v. Tuttle, 471 U.S. 808, 822-823 (1985) (plurality opinion) ("[A] 'policy of inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell.").

WHEREFORE, the Answering Defendants deny that they are liable on the cause of actions declared herein, and demand judgment in their favor plus interest and costs.

## JURY DEMAND

66. Defendants request a jury trial on all counts of Plaintiff's Complaint.

Respectfully Submitted,

 /s/  *Amanda C. Shoffel*
Amanda C. Shoffel, Esq.
Pa. Attorney ID No. 306956
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443
**ATTORNEY FOR DEFENDANTS, THE CITY OF PHILADELPHIA, POLICE LT. KONCZYK, OFFICER LOGAN, OFFICER ANDERSON, SGT. WEST AND OFFICER STUSKI**

Date: October 3, 2011

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's federal claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's state-law claims, in whole or in part, fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's state-law claims are barred or limited by Pennsylvania's Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541 *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the individual defendants were carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the plaintiff.

WHEREFORE, the Answering Defendants deny that they are liable on the cause of actions declared herein, and demand judgment in their favor plus interest and costs.

Respectfully Submitted,

/s/  Amanda C. Shoffel
Amanda C. Shoffel, Esq.
Pa. Attorney ID No. 306956

Date: October 3, 2011

City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443
**ATTORNEY FOR DEFENDANTS, THE CITY OF PHILADELPHIA, POLICE LT. KONCZYK, OFFICER LOGAN, OFFICER ANDERSON, SGT. WEST AND OFFICER STUSKI**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHERYL BIREN-WRIGHT,** : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION |
| : | |
| **CITY OF PHILADELPHIA, et al** : | NO.   11-5654 |
| : | |
| Defendants. : | JURY TRIAL DEMAND |
| : | |

## CERTIFICATE OF SERVICE

I certify that on the date listed below, the foregoing Answer with Affirmative Defenses of Defendants to Plaintiff's Complaint was uploaded to ECF and thus served upon the following:

**Paul J. Hetznecker, Esq.**
1420 Walnut St., Ste. 911
Philadelphia PA 19102
*Counsel for Plaintiff*


Date: October 3, 2011                    /s/  Amanda C. Shoffel       _
                                         Amanda C. Shoffel, Esq.
                                         Assistant City Solicitor
                                         Pa. Attorney ID No. 306956
                                         City of Philadelphia Law Department
                                         1515 Arch Street, 14th Floor
                                         Philadelphia, PA 19107